IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

MYRIAM NELLY PEDROZA,

    Plaintiff,

vs.

DENIS RIORDAN, in his official
capacity as District Director
of the Boston District of
UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

    Defendant.

COMPLAINT NO: 05-30009-MAP

## INTRODUCTION

1.    This action arises under the Federal Tort Claim Act 28 U.S.C. §§ 1346, 2671 et seq., as hereinafter more fully appears and for declaratory and injunctive relief authorized by the Declaratory Judgment Act, 28 U.S.C. § 1361; the Administrative Procedure Act, 5 U.S.C. § 701 et seq; the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq, and the United States Constitution. This action challenges the negligent lack of action of the Boston Office of United States Citizenship and Immigration Services that resulted in the deportation of plaintiff's spouse to the Dominican Republic causing grievous harm and damages to plaintiff including serious and significant loss of income, loss of consortium and

unnecessary traveling expenses. Before this action was instituted, the claim set forth herein was presented and denied by the United States Department of Homeland Security, and this lawsuit was commenced within six months of the denial of said claim.

## JURISDICTION

2. Jurisdiction is conferred on this Court by the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 – 80, and because this action arises under the laws and Constitution of the United States pursuant to 28 U.S.C. § 1331. Plaintiffs' action for declaratory relief is authorized by 28 U.S.C. §§ 2201 - 2202.

## VENUE

3. Venue is proper in the District of Massachusetts under 28 U.S.C. §1391(e), as it provides that in a civil action in which the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, the action may be brought in the judicial district in which the defendant in the action resides.

## PARTIES

4. Defendant Denis Riordan is a resident of the District of Massachusetts, and he is District Director of United States Citizenship and Immigration Services ("USCIS"), an agency of the United States which operates within this district.

5. Plaintiff Myriam Nelly Pedroza is a citizen of the United States residing at 866 Worthington Street, Apartment Number 6, Springfield Massachusetts 01105, thus venue is proper in the Western Division of the District of Massachusetts.

## FACTS

6. Myriam Nelly Pedroza married Alipido Angomas Cabrera a citizen of the Dominican Republic on September 9, 2000, who at the time had resided in the United States for a number of years. Ms. Pedroza filed the required Application for her husband to be allowed to reside in the United States with USCIS on April 21, 2001. When the marriage occurred Mr. Angomas Cabrera had an appeal pending from a deportation order with the Board of Immigration Appeals ("BIA"). The BIA denied the appeal on November 14, 2002, granting Alipido Angomas Cabrera voluntary departure from the United States. The BIA stated in its final order that:

> …the alien is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be grated by the district director and in the event of failure to depart, the alien shall be deported as provided in the Immigration Judge's order.

7. Within thirty days of receiving the notice of denial from the BIA on December 5, 2002, Alipido Angomas Cabrera, through his counsel, filed a request for an extension of the voluntary departure order as provided by the BIA on the grounds that, at the time the order was issued, Myriam Pedroza had pending with USCIS and with BIA an appeal of a denial a visa

3

application filed on behalf of Alipido Angomas, her spouse. This request for extension and attachments were filed with the office of the District Director of the Boston Office by Certified Mail on December 5, 2002.

8.  The Boston District Director in response to this request for extension of the voluntary departure office never responded to Alipido Angomas Cabrera's request.

9.  It is indeed the practice of USCIS to ignore requests for extensions of final voluntary departure orders filed with the District Directors as USCIA does not even provide a form or publications as to how individuals may avail themselves of this USCIS benefit. In contrast USCIS makes available to the public hundreds of forms for aliens and citizens seeking other benefits from USCIS whether the granting of those benefits are discretionary or not.

10. The undisputable **non discretionary duty** of the District Director upon receiving the application of an alien for an extension of voluntary departure under 8 C.F.R. § 1240.57 is to serve "...written notice of the district director's decision."

11. The Boston District Director was required to make, under the law, one of two discretionary choices upon receiving the petition of Alipido Angomas Cabrera: a) he could have simply denied the petition for extension in which case Alipido Angomas Cabrera would have timely and voluntarily departed from the

4

US, or, b) he could have extended the voluntary departure order pending action of the BIA and/or the processing of Miriam Penrose's application. However, pursuant to 8 C.F.R. § 1240.57, the District Director did not have the discretion to ignore Alipido Angomas Cabrera's request for extension of voluntary departure.

12.     It is the practice of USCIS to take no actions on deportation of immigrants who have illegally overstayed their visas whenever an alien has pending with USCIS an application for benefits. For example, Errol Pearce, a citizen of Jamaica whose spouse filed an application for a visa benefit in 1997 (identical to Myriam Pedroza's application) and who became a citizen in 1998, has had an application for residency pending with USCIS for the past seven years without any adverse effect or attempts by USCIS to begin deportation proceedings because of his illegal overstay in the United States. The number of similar cases currently pending with USCIS is in the tens of thousands.

13.     Given the facts as stated in the previous paragraphs Alipido Angomas Cabrera took no action to leave the country voluntarily pending a response from the District Director to his application for extension of voluntary departure.

14.     Before the BIA could act on the appeal of Myriam Pedroza on the pending appeal of her application for a visa for her spouse, USCIS reversed itself and approved Myriam Pedroza's application on April 4, 2003. Upon receiving the granted approval Alipido Angomas Cabrera and Myriam Pedroza began collecting the necessary documentation to have their case re-opened as soon as the Boston

Director acted on the pending request for extension of the voluntary departure order.

15. On December 1, 2004, USCIS, without warning, arrested Alipido Angomas Cabrera as he was leaving his home in Springfield for work and imprisoned him in Hartford Connecticut. USCIS refused to re-open the case in spite of the fact that the petition for extension of the voluntary departure was, and is still pending with the office of the District Director.

16. On January 24, 2004, USCIS deported Alipido Angomas Cabrera to the Dominican Republic.

17. On April 4, 2003, USCIS approved Myriam Pedroza's applications for visas for her stepchildren all children of her spouse Alipido Angomas Cabrera who reside in the Dominical Republic.

18. On January 3, 2005 Myriam Pedroza paid the required fees at the National Visa Center to begin the process to have her step children, all children of her spouse Alipido Angomas Cabrera, immigrate to the United States to live with her in Springfield.

19. On November 12, 2004, USCIS transferred Myriam Pedroza's approved application for a visa for her spouse Alipido Angomas Cabrera to the Dominican Republic.

20. The children of Alipido Angomas Cabrera are now in the process of immigrating to the United States under visa applications filed by their step-mother Myriam Pedroza.

21. Alipido Angomas Cabrera on the other hand can not return to the United States for ten years under the approved visa granted to Myriam Pedroza because pursuant to 8 C.F.R. § 1240.26 he was deported from the United States following a grant of voluntary departure.

22. Had the Boston District Director denied the application for extension of voluntary departure, Alipido Angomas Cabrera would have left the country within the specified thirty days from the denial and would now be returning to the United States under the granted and transferred visa allocated to Myriam Pedroza.

23. Had the Boston District Director granted the extension of the voluntarily departure order, Alipido Angomas Cabrera would have re-opened his case with BIA to secure his stay in the United States while his residency visa was in process.

COUNT I

FEDERAL TORT CLAIMS ACT

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. The undisputable, **non-discretionary,** duty of the District Director of USCIS upon receiving the application for extension of the voluntary

departure order issued by the BIA was to serve "...written notice of the district director's decision.." 8 C.F.R. § 1240.57.

26. The failure of the District Director to serve written order of its decision, or for that matter even to make a decision, on the request for an extension of the date of the voluntary departure order of Alipido Angomas Cabrera, is a negligent breach of the non-discretionary duty of care owed to him under 8 C.F.R. § 1240.57.

25. The deportation and related consequence of Alipido Angomas Cabrera's inability to return to the United States for ten years was due to the negligence of the Boston Director of USCIS and of USCIS.

26. The deportation and related consequence that Alipido Angomas Cabrera can not return to the United States for ten years due to the negligence of the Boston Director of USCIS and of USCIS has resulted in the loss of companionship and consortium of her spouse for Myriam Pedroza.

27. The deportation and related consequence that Alipido Angomas Cabrera can not return to the United States for ten years due to the negligence of the Boston Director of USCIS and of USCIS has resulted in a sixty-six percent loss of income for the family and has created the need for Myriam Pedroza to seek housing assistance from the United States government.

28. The deportation and related consequence that Alipido Angomas Cabrera can not return to the United States for ten years due to the negligence of the Boston

Director of USCIS and of USCIS has resulted in significant expenses for Myriam Pedroza to travel back and forth to the Dominican Republic to visit her spouse.

## COUNT II

### VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT

33. Plaintiff repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

33. Defendant is in violation of the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., (a) in that he unreasonably failed to take an action that he was required to take under 8 C.F.R. §1240.57, and (b) in that his failure to take the required action under 8 C.F.R. § 1240.57, was an arbitrary and capricious act not in accordance with law.

34. The violation of the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., by the District Director has caused damages to Myriam Pedroza as fully stated in other sections of this Complaint.

## COUNT III.

### EQUAL PROTECTION

35. Plaintiff repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. Defendant's practices, which have resulted in the de facto denial of the companionship and consortium of her spouse to Myriam Pedroza (an American citizen as described in this Complaint) constitute a violation of the Equal

Protection Clause as incorporated by the Due Process Clause of the Fifth Amendment to the United States Constitution in that other applicants similarly situated to Alipido Angomas Cabrera are treated differently.

37. The District Director's failure to guarantee to Myriam Pedroza's spouse the equal protection of the laws has caused damages to Myriam Pedroza as fully stated in other sections of this Complaint.

## COUNT IV.

### PROCEDURAL DUE PROCESS

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. Defendant's practices, which result in the de facto denial of the companionship and consortium of her spouse to Myriam Pedroza (an American citizen as described in this Complaint) constitute a violation of the Due Process Clause of the Fifth Amendment to the United States in that Alipido Angomas Cabrera was denied the notice of action on his request for extension of the voluntary departure order required by 8 C.F.R. § 1240.57.

40. The violation of the Due Process Clause of the Fifth Amendment of the United States by the District Director has caused damages to Myriam Pedroza as fully stated in other sections of this Complaint.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Assume jurisdiction over this action.

2. Declare unlawful the actions of Defendant in not responding to Alipido Angomas Cabrera's request for extension of the voluntary departure order issued by the BIA.

3. Declare the actions of Defendant described in paragraphs 7 through 16 of this Complaint to be a violation of 8 C.F.R. § 1240.57.

4. Declare the actions of Defendant described in paragraphs 7 through 16 of this Complaint to be a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

5. Declare the actions of Defendant described in paragraphs 7 through 16 of this Complaint to be a violation of the Equal Protection Clause as incorporated by the Due Process Clause of the Fifth Amendment to the United States Constitution.

6. Declare the actions of Defendant to be arbitrary, capricious, and not in accordance with the law under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

7. Issue a permanent and final injunction ordering the Defendant to take all actions required by 8 C.F.R. § 1240.57 while retroactively changing the current status of Alipido Angomas Cabrera from deported alien to voluntarily departed alien so that he may return to the United States under the benefit granted to his spouse Myriam Pedroza.

8. Declare that Defendant was negligent under Massachusetts law and the Federal Tort Claims Act 28 U.S.C. §§ 1346, 2671 - 80, when it failed to respond to Alipido Angomas Cabrera's request for extension of the voluntary departure order issued by the BIA.

9. Order Defendant to pay damages as will be proven in Court for the loss of consortium and other monetary losses incurred by Myriam Pedroza as a result of the negligence of the Boston District Director of USCIS and of USCIS.

10. Enjoin Defendant from the practice of ignoring requests for extensions of voluntary departure orders and order Defendant to issue forms and guidelines for aliens to adequately file these requests for extension of voluntary departure orders as allowed by law.

11. Grant attorneys' fees to Plaintiff under the Equal Access to Justice Act.

12. Grant Plaintiff such other and further relief as the Court deems just and proper.

January 11, 2005

Respectfully submitted,
By Attorney for Plaintiffs,


Cristóbal Bonifaz (BBO 548-405)
LAW OFFICES OF CRISTOBAL BONIFAZ
48 North Pleasant Street

P.O. Box 2488
Amherst, MA 01004-2488
Tel: 413-253-5626

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Myriam Nelly Pedroza

### DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff   Hampden County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cristobal Bonifaz, Law Offices of Cristobal Bonifaz 48 North Pleasant Street, P.O. Box 2488, Amherst Massachusetts 01004-2488

Attorneys (If Known)
US Attorney

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1346(b), 2671 et seq.
Brief description of cause:
Tort Claim against US for damages caused by negligence of US employee

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE None
DOCKET NUMBER

DATE 01/13/2005
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Myriam Nelly Pedroza vs. Denis Riordan as District Director BCIS**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases
   - [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [✓]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [✓]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [✓]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Cristobal Bonifaz, LAW OFFICES OF CRISTOBAL BONIFAZ
ADDRESS  48 NORTH PLEASANT STREET, P.O. Box 2488 AMHERST MASSACHUSETTS 01004-2488
TELEPHONE NO.  413-253-5626

(Coversheetlocal.wpd - 10/17/02)