IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| MYRIAM NELLY PEDROZA,<br><br>and,<br><br>MYRIAM NELLY PEDROZA and<br>ALIPIDO ANGOMAS CABRERA<br>wife and husband and all others<br>similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>DENIS RIORDAN in his official<br>capacity as District Director<br>of the Boston District of<br>UNITED STATES CITIZENSHIP<br>AND IMMIGRATION SERVICES | 05 CV 30009-MAP<br><br><br>CLASS ACTION<br>AMENDED COMPLAINT<br>NO: 05-3000-MAP<br>FOR INJUNCTIVE AND<br>DECLARATORY RELIEF<br>IN THE NATURE OF<br>MANDAMUS AND FOR<br>DAMAGES FOR TORTUOUS<br>ACTIONS. |

## REPORT TO THE COURT DUE JANUARY 22, 2006

1.      Plaintiff Myriam Nelly Pedroza originally filed this Complaint on January 22, 2005 against Defendant Denis Riordan as District Director of the United States Citizenship and Immigration Services ("USCIS") under the Federal Tort Claim Act 28 U.S.C. §§ 1346, 2671 et seq., the Declaratory Judgment Act, 28 U.S.C. § 1361; the Administrative Procedure Act, 5 U.S.C. § 701 et seq; the

Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq, and the United States Constitution alleging that the negligence of the District Director of the Boston Office of USCIS had caused her damages.

2. On April 14, 2005 Plaintiff and the Government entered into an agreement under which if the Government adjudicated a waiver for admission to the United States after deportation, Plaintiff was willing to dismiss this case. Plaintiffs and the Government sough jointly a stay of all proceedings for six months which were granted by the Court.

3. On October 22, 2005, Plaintiff filed a Report to the Court as required by this Court when granting of the six month stay. In this Report Plaintiff notified the Court that the matter of the waiver was still pending with the Government and requested without opposition an additional three month stay which was granted.

4. During the stay period Plaintiff has not been unable to obtain adjudication of its requested waiver from any branch of USCIS or from the American Consulate in the Dominican Republic. Plaintiff has learned that this inability to process the waiver is due to the refusal to accept jurisdiction of such waivers by the USCIS District Director's Office in spite of the clear language of the Code of Federal Regulations concerning this issue.

5. This lack of acceptance of jurisdiction by the USCIS District Director's Office is affecting not only Plaintiff and her spouse but hundreds of others who in

similar manner find themselves bounced from office to office in a bureaucratic labyrinth with no end in sight.

6. The Original Plaintiff believes that the unscrambling of this labyrinth requires judicial intervention thus has allowed her name and her husband's name to be used to represent the class of individuals similarly impacted by the refusal of the District Director to accept jurisdiction over adjudication of these waivers as required by law.

7. Given these facts Myriam Pedroza and her husband are filing co-currently with this Report an Amended Class Action Complaint to resolve all these matters.

January 12, 2006

Respectfully submitted
By Attorneys for plaintiff,


Cristóbal Bonifaz
LAW OFFICES OF CRISTÓBAL BONIFAZ
180 Maple Street
P.O. Box 180
Conway, Massachusetts 01341
e-mail cbonifaz@comcast.net

### CERTIFICATE OF SERVICE

I, Cristóbal Bonifaz certify that today, January 12, 2006, I served this Report by regular mail upon the following attorneys of record in this litigation:

Karen L. Goodwin, Esq.
Assistant US Attorney
1550 Main Street

Springfield, Massachusetts 01103

Henry Hanley Esq.
Associate Area Counsel USCIS
Office District Counsel Room 425
JFK Building, Government Center
Boston, Massachusetts 02203

Cristóbal Bonifaz