## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

MYRIAM NELLY PEDROZA,

and,

MYRIAM NELLY PEDROZA and
ALIPIDO ANGOMAS CABRERA
wife and husband and all others
similarly situated,

                Plaintiffs,

vs.

DENIS RIORDAN in his official
capacity as District Director
of the Boston District of
UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES

05 CV 30009-MAP

CLASS ACTION
AMENDED COMPLAINT
NO: 05-3000-MAP
FOR INJUNCTIVE AND
DECLARATORY RELIEF
IN THE NATURE OF
MANDAMUS AND FOR
DAMAGES FOR TORTUOUS
ACTIONS.

### INTRODUCTION

1.     This action by Myriam Nelly Pedroza against Defendant Denis Riordan as

District Director of the United States Citizenship and Immigration Services

("USCIS") arises under the Federal Tort Claim Act 28 U.S.C. §§ 1346, 2671 et

seq., as hereinafter more fully appears and for declaratory and injunctive relief

authorized by the Declaratory Judgment Act, 28 U.S.C. § 1361; the Administrative

Procedure Act, 5 U.S.C. § 701 et seq; the Immigration and Naturalization Act, 8

U.S.C. § 1101, et seq, and the United States Constitution. This action challenges the negligent lack of action of the Boston Office of United States Citizenship and Immigration Services that resulted in the deportation of plaintiff's spouse to the Dominican Republic causing grievous harm and damages to plaintiff including serious and significant loss of income, loss of consortium and unnecessary traveling expenses. Before this action was instituted, the claim set forth herein was presented and denied by the United States Department of Homeland Security, and this lawsuit was commenced within six months of the denial of said claim.

2.    This action by Myriam Nelly Pedroza and Alipido Angomas Cabrera, wife and husband, and all others similarly situated, against Denis Riordan as Director of USCIS is for declaratory, mandatory, and injunctive relief authorized by the Declaratory Judgment Act, 28 U.S.C. § 1361; the Administrative Procedure Act, 5 U.S.C. § 701 et seq; and the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq. challenges Defendant Denis Riordan interpretation of its own regulation 8 C.F.R. § 212.2 that the District Director of USCIS has no jurisdiction over waivers for admission to the United States after deportation or removal.

3.    Named plaintiffs and members of the class in the class actions counts have suffered grievous harm as a result of the inaccurate, arbitrary, and capricious interpretation of the language of the waiver statute by Defendant Dennis Riordan. The plaintiffs, and the class have been deprived, or their spouses have been deprived, of the substantial and unique benefits of residency status. They, or their

spouses, and members of the class have been deprived, of the protection of the

laws of the United States equal to that granted to residents and conditional

residents; their right to travel outside the continental United States and to reenter

the United States at will; and their right to visit their families abroad. Because of

the inaccurate interpretation of the waiver statute by Defendant Dennis Riordan as

District Director of USCIS, the spouses of the citizen plaintiffs, and similarly

situated members of the class, have had their rights to naturalization delayed or de

facto denied including their political right to vote; their right to obtain a United

States passport; and their right to the protection of the United States government

when outside the United States. The citizen plaintiffs who are spouses of the alien

plaintiffs, and members of the class, have been deprived of their right to have their

spouses enjoy all the rights enumerated above as well of their consortium rights

with their spouses. The inaccurate interpretation of the waiver statute by

Defendant Dennis Riordan has subjected plaintiffs, and members of the class, to

fear, despair and uncertainty engendered by the inability of the alien plaintiffs to

obtain their residency, to live as a family with their United States citizen spouses,

and their inability to travel outside the United States and to carry out necessary

activities. Defendant Dennis Riordan by his inaccurate interpretation of the waiver

statute has deprived all named plaintiffs, and members of the class, of their due

process rights to appeal any denial of their waiver applications.

3

## JURISDICTION

4.    Jurisdiction is conferred on this Court by the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 – 80, and because this action arises under the laws and Constitution of the United States pursuant to 28 U.S.C. § 1331.  Plaintiffs' action for declaratory relief is authorized by 28 U.S.C. §§ 2201 - 2202.

## VENUE

5.    Venue is proper in the District of Massachusetts under 28 U.S.C. §1391(e), as it provides that in a civil action in which the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, the action may be brought in the judicial district in which the defendant in the action resides.  In addition named Plaintiff Myriam Nelly Pedroza is a resident of Springfield, Massachusetts where the Western Division of the District of Massachusetts is located.

## PARTIES

6.    Defendant Denis Riordan is a resident of the District of Massachusetts, and he is District Director of United States Citizenship and Immigration Services ("USCIS"), an agency of the United States which operates within this district.

7.    Plaintiff Myriam Nelly Pedroza is a citizen of the United States residing at 866 Worthington Street, Apartment Number 6, Springfield Massachusetts 01105. She is married to Alipido Angomas Cabrera a citizen of the Dominican Republic

4

who was deported from the United States to the Dominican Republic on January

24, 2004.

## FACTS

8.      Myriam Nelly Pedroza married Alipido Angomas Cabrera a citizen of the

Dominican Republic on September 9, 2000, who at the time had resided in the

United States for a number of years. Ms. Pedroza filed the required Application [I-

130] for her husband to be allowed to reside in the United States with USCIS on

April 21, 2001. When the marriage occurred Mr. Angomas Cabrera had an appeal

pending from a deportation order with the Board of Immigration Appeals ("BIA").

The BIA denied the appeal on November 14, 2002, granting Alipido Angomas

Cabrera voluntary departure from the United States. The BIA stated in its final

order that:

> ...the alien is permitted to depart from the United States voluntarily
> within 30 days from the date of this order or any extension beyond
> that time as may be grated by the district director and in the event of
> failure to depart, the alien shall be deported as provided in the
> Immigration Judge's order.

9.      Within thirty days of receiving the notice of denial from the BIA on

December 5, 2002, Alipido Angomas Cabrera, through his counsel, filed a

request for an extension of the voluntary departure order as provided by the

BIA on the grounds that, at the time the order was issued, Myriam Pedroza

had pending with USCIS and with BIA an appeal of a denial her visa

petition [I-130] filed on behalf of Alipido Angomas Cabrera on April 21,

5

2001. This request for an extension time to voluntarily depart from the United States, and attachments were filed with the office of the District Director of the Boston Office by Certified Mail on December 5, 2002.

10.    The Boston District Director never responded to Alipido Angomas' request for extension of time for his voluntary departure.

11.    It is indeed the practice of USCIS to ignore requests for extensions of final voluntary departure orders filed with the District Directors as USCIS does not even provide a form or publication explaining to the public how individuals may avail themselves of this USCIS benefit granted to them by the Congress of the United States. In contrast USCIS makes available to the public hundreds of forms for aliens and citizens seeking other benefits from USCIS whether the granting of those benefits are or are not discretionary actions of the District Director.

12.    The undisputable **non discretionary duty** of the District Director upon receiving the application of an alien for an extension of voluntary departure under 8 C.F.R. § 1240.57 is to serve "...written notice of the district director's decision."

13.    The Boston District Director was required to make, under the law, one of two discretionary choices upon receiving the petition of Alipido Angomas Cabrera: a) he could have simply denied the petition for extension of time in which case Alipido Angomas Cabrera would have timely and voluntarily departed from

6

the US, or, b) he could have extended the time for voluntary pending action of the
BIA on the appeal Myriam Pedroza's I-130 application. However, pursuant to 8
C.F.R. § 1240.57, the District Director did not have the discretion to ignore
Alipido Angomas Cabrera's request for extension of voluntary departure.

14.    It is the practice of USCIS to take no actions on deportation of immigrants
who have illegal status in the United States while they have pending with USCIS
applications for benefits.

15.    Given these facts Alipido Angomas Cabrera took no action to leave the
country voluntarily pending the expected response from the District Director to his
application for an extension of time for his voluntary departure.

16.    Before the BIA could act on the appeal of Myriam Pedroza on the pending
I-130 appeal, USCIS reversed itself and approved Myriam Pedroza's application
for her spouse to reside in the United States on April 4, 2003. Upon receiving the
granted approval Alipido Angomas Cabrera and Myriam Pedroza began collecting
the necessary documentation to apply to BIA to have their case re-opened as soon
as the Boston Director acted on the pending request for extension of time of the
voluntary departure order.

17.    On December 1, 2003, USCIS, without warning, arrested Alipido Angomas
Cabrera as he was leaving his home in Springfield for work and imprisoned him in
Hartford Connecticut. USCIS refused to re-open the case in spite of the fact that

7

the petition for extension of the voluntary departure was, and is still, pending with the office of the District Director.

18.     On January 24, 2004, USCIS deported Alipido Angomas Cabrera to the Dominican Republic.

19.     On April 4, 2003, USCIS approved Myriam Pedroza's applications for residency visas [I-130s] for her stepchildren the children of her spouse Alipido Angomas Cabrera who reside in the Dominical Republic.

20.     On November 12, 2004, USCIS approved the I-824 application filed and paid by Myriam Pedroza on February 27, 2004 requesting a transfer of Myriam Pedroza's approved marriage petition [I-130] to the US Consulate of Santo Domingo in the Dominican Republic for processing stating that:

> The above [I-824] petition is approved. We have sent a cable to the listed consulate (Santo Domingo) to notify them of the approval of the original [I-130] petition. Service records indicate that the original [I-130] petition was previously forwarded to the Department of State National Visa Center (NVC) 32 Rochester Avenue Portsmouth, NH 03801-2909. The NVC processes all approved immigrant visa petitions that need consular actions. It also determines which consular post is the appropriate consulate to complete visa processing.

21.     The children of Alipido Angomas Cabrera are now in the process of immigrating to the United States under visa applications filed by their step-mother Myriam Pedroza.

22.     Alipido Angomas Cabrera on the other hand can not return to the United States for ten years under the approved I-130 granted to Myriam Pedroza because

pursuant to 8 C.F.R. § 1240.26 he was deported from the United States following a grant of voluntary departure.

23.    Had the Boston District Director denied the application for extension of voluntary departure, Alipido Angomas Cabrera would have left the country within the specified thirty days from the denial and would now be returning to the United States under the granted and transferred visa allocated to Myriam Pedroza.

24.    Had the Boston District Director granted the extension of the voluntarily departure order Alipido Angomas Cabrera would have re-opened his case with BIA upon receiving the approved extension of time from the District Director to secure his stay in the United States while his residency application was in process.

25.    Myriam Nelly Pedroza filed originally this Complaint on January 22, 2005 and served the same upon the applicable government officials and entities on or about February 22, 2005.

26.    On April 14, 2005 Myriam Pedroza entered into an agreement with the United States, at the suggestion of the United States, to jointly request this Honorable Court to postpone all proceedings for six months pending adjudication by the United States of a waiver for admission to the United States after deportation or removal to be filed by Myriam Pedroza and/or Alipido Angomas.

27.    On May 10, 2005 Alipido Angomas Cabrera filed with the office of Denis Riordan an application for Permission to Reapply for Admission Into the United States After Deportation or Removal paying the then required $250.00 fee. (Form

I-212). C.F.R. § 212-2 clearly states that when the applicant for an immigrant visa is not present in the United State the I-212 waiver must be filed with the office of the District Director where the applicant resided prior to deportation. Copies of all the documents and fees enumerated in ¶ 26 below were also filed with the District Director accompanying the I-212 waiver petition.

28.    On May 10, 2005 Myriam Pedroza, co-currently with the I-212 filing with the District Director mentioned in ¶ 15 above, filed Waiver Application I-601 with the US consulate in the Dominican Republic an application for Waiver of Grounds of Inadmissibility paying the then required fee of $250.00. The I-601 waiver petition was accompanied by the immigrant visa petition of Alipido Angomas (DS-230) with the required fee of $335.00, and two Affidavits of Support (I-864s) with the required fee of $65.00, plus the entire record of Alipido Angomas with USCIS.

29.    On June 7, 2005 the US Department of Homeland Security Santo Doming Sub Office notify counsel by letter that:

> This is in response to your letter of May 10, 2005, regarding Alipido Angomas.
> In order for us to process an I-601 and an I-212 forms a petition must be filed in the Immigrant Visa Section at the US Consulate in Santo Domingo. After verifying with the Immigrant Visa Section they informed us there is no case on file. The I-212 and I-601 should be file(s) in the United States.

30.    On June 21, 2005 counsel for plaintiffs responded to the letter from Homeland Security and again attached the approved I-130 petition filed by Myriam

10

Pedroza on behalf of her spouse as well as the aproved I-824 which clearly stated

that:

> The above petition [I-824] is approved. We have sent a cable to the
> listed consulate (Santo Domingo) to notify them of the approval of
> the original petition. Service Records indicate that the original
> petition [I-130] was previously forwarded to the Department of State
> National Visa Center (NVC) 32 Rochester Avenue Portsmouth, NH
> 03801-2909. The NVC processes all approved immigrant visa
> petitions that need consular actions. It also determines which
> consular post is the appropriate consulate to compete  visa
> processing.

31.    On July 6, 2005 the Embassy of the United States in Santo Domingo,

Consular Section responded to counsel's letter of June 21, 2005 as follows:

> We regret to inform you that we have not received any notification
> from U.S. Citizenship and Immigration Services (USCIS) of the
> Department of Homeland Security regarding the I-130 petition filed
> on behalf of the applicant. Apparently, the approved petition was
> sent to the National Visa Center (NVC), 32 Rochester Avenue,
> Portsmouth, NH 03801-2909, tel: (603) 334-0700. The petitioner
> should contact NVC in order to check the present status of the
> application. After we receive the approved petition, we will inform
> the applicant of the steps to be taken to process the immigrant visa
> case.

32.    On October 14, 2005 counsel for plaintiffs submitted the letters from the

US Consulate in the Dominican Republic dated June 6 and July 7, 2005 to the

National Visa Center requesting the transfer of the I-130 application to the

Dominican Consulate as specified on the I-824 the granted request for transfer of

the I-130 Petition to the US Consulate in the Dominican Republic. The National

Visa Center replied on December 10, 2005 to counsel's letter of October 14, 2005

stating as follows:

> The National Visa Center (NVC) has received your inquiry. We
> have searched our records and are unable to locate your petition.
> Your inquiry/application must be directed to the U.S. Citizenship and
> Immigration Services (CIS-formerly known as INS) where the
> petition was originally filed.

33.     The I-212 waiver for admission to the United States after deportation or

removal, accompanied by the voluminous supporting documentation, filed with the

District Director on May 10, 2005 was returned to counsel in June of 2005 by the

District Director with an scribbled notation stating that the waiver and supporting

documentation needed to be filed with the Vermont Service Center in St. Albans

Vermont, the location where the original I-130 Petition had been filed.

34.     Acting in accord with the scribbled notation from the District Director the I-

212 waiver for admission to the United States after deportation or removal, fees

and accompanying documentation was sent by counsel to the Vermont Service

Center within days of receiving the scribbled notice from the District Director.

35.     Counsel for USCIS notified counsel for plaintiffs shortly thereafter that the

District Director advice was wrong and that he was retrieving the I-212 file back to

the District Director's office.

36.     On or about October 14, 2005, attorneys for the US in this litigation notified

counsel by oral communication that there was a substantive flaw with the I-212

filing with the District Director and that I-212 waiver for admission to the United

States after deportation or removal needed to be filed with the Consulate of the United States in the Dominican Republic.

37.    Counsel for the plaintiffs notified US counsel by oral and written communication dated October 14, 2005 of the position of the Consulate in Santo Domingo was that the waiver petitions needed to be filed with the District Director, and agreed to a further request to this Honorable Court of three month delay to see if this discrepancy could be resolved internally by the government.

38.    Counsel for Plaintiff is aware that USCIS counsel has made efforts to resolve the matter via contacts with the US Consulate in the Dominican Republic. Plaintiff understands that the position taken by the Consulate upon receiving the communications of US counsel in this litigation, is the same as that taken in response to Plaintiff's letters described in ¶¶s 29 to 32 above.

PART I

MYRIAM NELLY PEDROZA PLAINTIFF

COUNT I

PLAINTIFF MYRIAM PEDROZA FEDERAL TORT CLAIMS ACT CLAIM AGAINST THE DENIS RIORDAN ACTING AS DISTRICT DIRECTOR OF USCIS AND USCIS

39.    Plaintiffs repeat and re-allege paragraphs 1 through 38 as if fully set forth herein.

13

40.    The undisputable, **non-discretionary,** duty of the District Director of

USCIS upon receiving the application for extension of the voluntary

departure order issued by the BIA was to serve "...written notice of the

district director's decision.." 8 C.F.R. § 1240.57.

41.    The failure of the District Director to serve a written order of its decision

upon plaintiffs, or for that matter even to make a decision, on the request for an

extension of the date of the voluntary departure order of Alipido Angomas

Cabrera, is a negligent breach of the non-discretionary duty of care owed to him

under 8 C.F.R. § 1240.57.

42.    The deportation and related consequence of Alipido Angomas Cabrera's

inability to return to the United States for ten years was due to the negligence of

Defendant Denis Riordan, acting as Director of the Boston Office of USCIS, and

of USCIS.

43.    The deportation and related consequence that Alipido Angomas Cabrera

can not return to the United States for ten years due to the negligence of Defendant

Denis Riordan acting as Director of USCIS, and of USCIS, has resulted in the loss

of companionship and consortium to Plaintiff Myriam Pedroza.

44.    The deportation and related consequence that Alipido Angomas Cabrera

can not return to the United States for ten years due to the negligence of Defendant

Denis Riordan, acting as District Director of USCIS, and of USCIS, has resulted in

a sixty-six percent loss of income for the family.

14

45.    The deportation and related consequence that Alipido Angomas Cabrera

can not return to the United States for ten years due to the negligence of Defendant

Denis Riordan acting as District Director of USCIS, and of USCIS, has resulted in

significant expenses for Myriam Pedroza to travel back and forth to the Dominican

Republic to visit her spouse.

MYRIAM PEDROZA PLAINTIFF

COUNT II

PLAINTIFF MYRIAM PEDROZA AGAINST THE DENIS RIORDAN ACTING
AS DISTRICT DIRECTOR OF USCIS AND USCIS
VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT

46.    Plaintiff repeats and re-alleges paragraphs 1 through 45 as if fully set forth

herein.

47.    Defendant is in violation of the Administrative Procedure Act, 5

U.S.C. §§ 701 et seq., (a) in that he unreasonably failed to take an action

that he was required to take under 8 C.F.R. §1240.57, and (b) in that his

failure to take the required action under 8 C.F.R. § 1240.57, was an

arbitrary and capricious act not in accordance with law.

48.    The violation of the Administrative Procedure Act, 5 U.S.C. §§ 701

et seq., by the District Director has caused damages to Myriam Pedroza as

fully stated in other sections of this Complaint.

COUNT III.

PLAINTIFF MYRIAM PEDROZA AGAINST THE DENIS RIORDAN ACTING
AS DISTRICT DIRECTOR OF USCIS AND USCIS

## VIOLATIONS OF EQUAL PROTECTION

49.    Plaintiff repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

50.    Defendant's practices, which have resulted in the de facto denial of the companionship and consortium of her spouse to Myriam Pedroza (an American citizen as described in this Complaint) constitute a violation of the Equal Protection Clause as incorporated by the Due Process Clause of the Fifth Amendment to the United States Constitution in that other applicants similarly situated to Alipido Angomas Cabrera are treated differently.

51.    The District Director's failure to guarantee to Myriam Pedroza's spouse the equal protection of the laws has caused damages to Myriam Pedroza as fully stated in other sections of this Complaint.

### COUNT IV.

### PLAINTIFF MYRIAM PEDROZA AGAINST THE DENIS RIORDAN ACTING AS DISTRICT DIRECTOR OF USCIS AND USCIS PROCEDURAL DUE PROCESS

52.    Plaintiff repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53.    Defendant's practices, which result in the de facto denial of the companionship and consortium of her spouse to Myriam Pedroza constitute a violation of the Due Process Clause of the Fifth Amendment to the United States

16

in that Alipido Angomas Cabrera was denied the notice of action on his request for

extension of the voluntary departure order required by 8 C.F.R. § 1240.57.

54.    The violation of the Due Process Clause of the Fifth Amendment of

the United States by the District Director has caused damages to Myriam

Pedroza as fully stated in other sections of this Complaint.

PART II

A.

CLASS ACTIONS ALLEGATIONS

55.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), plaintiffs Myriam Nelly

Pedroza and Alipido Angomas Cabrera bring this action on behalf of themselves

and all other similarly situated persons.  The plaintiff class consists of:

> All persons within the jurisdiction of the Boston Office of INS who have
> filed waivers, for admission to the United States after deportation or
> removal, with the District Director of the Boston Office of USCIS in the
> past ten years.

56.    The class is so numerous that joiner of all members is impracticable.

Plaintiffs allege on information and belief that, as a result of Defendant's failure to

perform its duty to act on waivers for admission to the United States after

deportation or removal applicants and all others similarly situated have been

deprived of a timely determination of their residency applications.

57.    There is a common question of law and fact applicable to all members of

the class in that the Defendant has failed to perform his duties of acting on waivers

17

for admission to the United States after deportation or removal based upon his inaccurate interpretation that such requests are not within his jurisdiction.

58.     The claims of the individual plaintiffs are identical to the claims of the class because questions of law and fact exist that are common to all. Plaintiffs and/or their citizen spouses seek a determination by this Court to the effect that Defendant's failure to perform his duty to act upon waivers for admission to the United States after deportation or removal violates 5 U.S.C. § 701 et seq. Plaintiffs know of no conflict between their interests and those of the class they represent. In defending their own rights, the individual plaintiffs will defend the rights of all proposed class members.

59.     The plaintiffs are adequate representatives of the class because they have been adversely affected by a practice of the defendant which has similarly impacted all members of the class, *i.e.*, defendant's practice of refusing to act on waivers for admission to the United States after deportation or removal.

60.     Plaintiffs' attorneys are experienced attorneys who have the resources to represent the class as a whole. In addition, plaintiffs will fairly and adequately protect the interests of the class they seek to represent.

61.     No administrative remedies under the Immigration and Naturalization Act remain to be exhausted that would not be futile or would provide the relief sought in this Complaint.

62.    Defendant has acted or failed to act on grounds generally applicable to each

member of the class in that he has refused to act on waivers for admission to the

United States after deportation or removal under the argument that such waivers

are not within his jurisdiction thus making appropriate the grant of injunctive relief

and issuance of a writ in the nature of a mandamus to compel administrative action

by the defendant to make timely determination of such waivers.

63.    As a result of Defendant's conduct, plaintiffs were required to retain

counsel and to incur costs, fees and expenses in prosecuting this case.  Plaintiffs

intend to seek fees under the Equal Access to Justice Act.

B

CLASS ACTION COUNTS

COUNT V

NAMED PLAINTIFFS MYRIAM PEDROZA AND ALIPIDO ANGOMAS
CABRERA AND ALL OTHER SIMILARLY SITUATED AGAINST DENIS
RIORDAN ACTING AS DISTRICT DIRECTOR OF USCIS AND USCIS
VIOLATION OF IMMIGRATION AND NATURALIZATION ACT

64.    Plaintiffs repeat and re-allege paragraphs 1 through 63 as if fully set forth

herein.

65.    Defendant has violated and continues to violate 8 U.S.C. §§ 1182 et seq.,

and C.F.R. § 212.2 by maintaining that waivers for admission to the United States

after deportation or removal are outside the jurisdiction of the District Director on

USCIS.

66.    The violation of the Administrative Procedure Act, 5 U.S.C. §§ 701

et seq., by the District Director has caused damages and continues to cause

damages to Myriam Pedroza and Alipido Angomas, wife and husband, and

to all similarly situated members of the class.


COUNT VI

**NAMED PLAINTIFFS MYRIAM PEDROZA AND ALIPIDO ANGOMAS
CABRERA AND ALL OTHER SIMILARLY SITUATED AGAINST DENIS
RIORDAN ACTING AS DISTRICT DIRECTOR OF USCIS AND USCIS
VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT**

67.    Plaintiffs repeat and re-allege paragraphs 1 through 66 as if fully set forth

herein.

68.    Defendant is in violation of the Administrative Procedure Act, 5

U.S.C. §§ 701 et seq., (a) in that has unreasonably failed to take an action

that he was required to take under 8 C.F.R. § 212.2,  and (b) in that his

failure to take the required action under 8 C.F.R. § 212.2 was, is and

continuous to be arbitrary and capricious act not in accordance with law.

69.    The violation of the Administrative Procedure Act, 5 U.S.C. §§ 701

et seq., by the District Director has caused damages and continues to cause

damages to Myriam Pedroza and Alipido Angomas, wife and husband, and

to all similarly situated members of the class.

COUNT VII

NAMED PLAINTIFFS MYRIAM PEDROZA AND ALIPIDO ANGOMAS
CABRERA AND ALL OTHER SIMILARLY SITUATED AGAINST DENIS
RIORDAN ACTING AS DISTRICT DIRECTOR OF USCIS AND USCIS
VIOLATIONS OF EQUAL PROTECTION

70.    Plaintiff repeats and re-alleges paragraphs 1 through 67 as if fully set forth
herein.

71.    Defendant's practices, which have resulted in the de facto denial of the
companionship and consortium of her spouse to Myriam Pedroza, her spouse
Alipido Angomas, and all others similarly situated members of the class constitute
a violation of the Equal Protection Clause as incorporated by the Due Process
Clause of the Fifth Amendment to the United States Constitution in that applicants
similarly situated to Myriam Pedroza and Alipido Angomas Cabrera are treated
differently when seeking similar benefits from the District Director as those sought
here under C.F.R. § 212.2.

72.    The District Director's failure to guarantee to Myriam Pedroza and
Alipido Angomas and all other similarly situated members of the class the
equal protection of the laws has caused damages to Myriam Pedroza, her
spouse and to all members of the class.

COUNT VIII

NAMED PLAINTIFFS MYRIAM PEDROZA AND ALIPIDO ANGOMAS
CABRERA AND ALL OTHER SIMILARLY SITUATED AGAINST DENIS
RIORDAN ACTING AS DISTRICT DIRECTOR OF USCIS AND USCIS
VIOLATIONS OF PROCEDURAL DUE PROCESS

21

73.    Plaintiff repeats and re-alleges paragraphs 1 through 72 as if fully set forth herein.

74.    Defendant's practices, which result in the de facto denial of the companionship and consortium of her spouse to Myriam Pedroza, and Alipido Angomas, as well as to all similarly situated members of the class constitute a violation of the Due Process Clause of the Fifth Amendment to the United States in that the District Director refuses to adjudicate C.F.R. § 212.2 waivers on the inaccurate, arbitrary and capricious ground that such adjudications are not within his jurisdiction.

75.    The violation of the Due Process Clause of the Fifth Amendment of the United States by the District Director has caused damages to Myriam Pedroza, Alipido Angomas, as well as to all similarly situated members of the class as fully stated in other sections of this Complaint.

### COUNT IX

### NAMED PLAINTIFFS MYRIAM PEDROZA AND ALIPIDO ANGOMAS CABRERA AND ALL OTHER SIMILARLY SITUATED AGAINST DENIS RIORDAN ACTING AS DISTRICT DIRECTOR OF USCIS AND USCIS IRREPARABLE INJURY

76.    Plaintiffs repeat and re-allege paragraphs 1 through 75 as if fully set forth herein.

77.    As a result of Defendant's failure to perform its duty, under C.F.R. § 212.2 to make determinations on waivers for admission to the United States after deportation or removal the plaintiffs and all members of the class have suffered,

22

are suffering, and continue to suffer irreparable harm. Plaintiffs and the class have suffered unconscionable delays in determinations of the adjustment of status applications of the alien plaintiffs. They have suffered enormously as a result of the delays. They have been deprived of the substantial and unique benefits of residency and/or conditional residency status, including the protection of the laws of the United States equal to that granted to legal residents of the United States. These rights include the right to travel freely abroad. The loss of this right because of Defendant's action is particularly egregious since the alien- plaintiffs have been deprived of the right to bring their citizen-spouses to their country of birth. Alien plaintiffs and the class they represent have also been deprived by years of their right to file for American citizenship since the timing for this filing is conditioned on holding valid residency.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Assume jurisdiction over this action.

2. Declare unlawful the actions of Defendant in not responding to Alipido Angomas Cabrera's request for extension of the voluntary departure order issued by the BIA.

3. Declare the actions of Defendant described in paragraphs 8 through 24 of this Complaint to be a violation of 8 C.F.R. § 1240.57.

4.    Declare the actions of Defendant described in paragraphs 8 through 24 of this Complaint to be a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

5.    Declare the actions of Defendant described in paragraphs 8 through 24 of this Complaint to be a violation of the Equal Protection Clause as incorporated by the Due Process Clause of the Fifth Amendment to the United States Constitution.

6.    Declare the actions of Defendant described in paragraphs 8 through 24 of this Complaint to be arbitrary, capricious, and not in accordance with the law under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

7.    Issue a permanent and final injunction ordering the Defendant to take all actions  required by 8 C.F.R. § 1240.57 while retroactively changing the current status of Alipido Angomas Cabrera from deported alien to voluntarily departed alien so that he may return to the United States under the benefit granted to his spouse Myriam Pedroza.

8.    Declare that Defendant was negligent under  Massachusetts law and the Federal Tort Claims Act 28 U.S.C. §§ 1346, 2671 - 80, when it failed to respond to Alipido Angomas Cabrera's request for extension of the voluntary departure order issued by the BIA.

9.    Order Defendant to pay damages as will be proven in Court for the loss of consortium and other monetary losses incurred by Myriam Pedroza as a

result of the negligence of the Boston District Director of USCIS and of USCIS.

10. Enjoin Defendant from the practice of ignoring requests for extensions of voluntary departure orders and order Defendant and to issue forms and guidelines for aliens to adequately file these requests for extension of voluntary departure orders as allowed by law.

11. Declare unlawful the actions of Defendant in not taking jurisdiction for the adjudication of waivers for admission to the United States after deportation or removal as violations of 8 U.S.C. §§1182 et seq.

12. Declare unlawful the actions of Defendant in not taking jurisdiction for the adjudication of waivers for admission to the United States after deportation or removal as not in accordance with the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

13. Declare unlawful the actions of Defendant in not taking jurisdiction for the adjudication of waivers for admission to the United States after deportation or removal to be a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

14. Declare unlawful the actions of Defendant in not taking jurisdiction of adjudication of waivers for admission to the United States after deportation or removal to be a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

15.    Declare unlawful the actions of Defendant in not taking jurisdiction for the adjudication of waivers for admission to the United States after deportation or removal to be a violation of the Equal Protection Clause as incorporated by the Due Process Clause of the Fifth Amendment to the United States Constitution.

16.    Order the District Director of the Boston Office of USCIS to review and adjudicate all waivers for admission to the United States after deportation or removal filed with the District Director in the past ten years

17.    Grant damage awards to plaintiffs and the class.

17.    Grant attorneys' fees to Plaintiffs and the class under the Equal Access to Justice Act.

18.    Grant Plaintiffs and the class such other and further relief as the Court deems just and proper.

January 12, 2006

Respectfully submitted,
By Attorney for Plaintiffs,

Cristóbal Bonifaz  (BBO 548-405)
LAW OFFICES OF CRISTOBAL BONIFAZ
180 Maple Street
P.O. Box 180
Conway, MA 01341
Tel:  413-369-4263
E-mail: cbonifaz@comcast.net