IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

*FILED*
*IN CLERK'S OFFICE*
*JAN 26 A 9:32*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

|  |  |
|---|---|
| MYRIAM NELLY PEDROZA, <br><br> and, <br><br> MYRIAM NELLY PEDROZA and ALIPIDO ANGOMAS CABRERA wife and husband and all others similarly situated, <br><br>                        Plaintiffs, <br><br> vs. <br><br> DENIS RIORDAN in his official capacity as District Director of the Boston District of UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | CLASS ACTION AMENDED COMPLAINT NO: 05-3000-MAP FOR INJUNCTIVE AND DECLARATORY RELIEF IN THE NATURE OF MANDAMUS AND FOR DAMAGES FOR TORTUOUS ACTIONS. |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR CLASS CERTIFICATION

January 25, 2006

Respectfully submitted,
By Attorney for Plaintiffs,
Cristóbal Bonifaz  (BBO 548-405)
LAW OFFICES OF CRISTOBAL BONIFAZ
180 Maple Street
P.O. Box 180
Conway, MA 01341
Tel:  413-369-4263
E-mail: cbonifaz@comcast.net

# **TABLE OF CONTENTS**

ITEM                                                                  PAGE

I.     INTRODUCTION                                                     1

II.    PERTINENT FACTS                                                  3

III.   LEGAL ARGUMENT                                                   7

    A.     The Elements of Fed. R. Civ. P. 23(a) Are Satisfied        7

        1.     Numerosity                                          7

        2.     Commonality                                         9

        3.     Typicality                                          10

        4.     Adequacy of Representation                          11

    B.     The Elements of Fed. R. Civ. P. 23(b) (2) Also Are Satisfied

    12

IV.    CONCLUSION                                                       13

.

## TABLE OF CASES

**Case**        **Page**

*Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 131 (1st Cir. 1985), cert. denied 476 U.S. 1172, 90 L. Ed. 2d 983, 106 S.Ct. 2896 (1986).    7

*Arkansas Educ. Ass'n v. Board of Educ. of Portland,* 446 F.2d 763 (8th Cir. 1971). 7

*Boggs v. Diversified Atomic Corp.,* 141 F.R.D. 58, 63 (S.D. Ohio 1991).    8

*Cook v. Rockwell International Corp.* 151 F.D.R. 378, 382 (Dist. Colo. 1993).    9, 10

*Dura-Bilt Corp. v. Chase Manhatan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y 1981).    10

*Eisen v. Carlisle & Jacquelyn*, 391 F.2d 555, 562 (2d Cir. 1968).    12

*Etuk v. Slattery*, 748 F. Supp. 990 (E.D.N.Y. 1990).    13

*General Telephone Co. v. EEOC,* 446 U.S. 318, 330, 64 L. Ed. 2d 319 100 S. Ct. 1698 (1980).    8

*Grace v. Perception Technology Corp.,* 128 F.R.D. 170 (D. Miss. 1989).    11

*Grenn v. Wolf Corp.*, 406 F.2d 291, 300 (2d Cir. 1968), cert. denied, 395 U.S. 977 (1969).    10

*Guckenberger v. Boston University,* 957 F. Supp. 306, 325 (D. Mass. 1997).    8

*Holton v. Rothschild,* 118 F.R.D. 280, 282 (D. Mass. 1987).    9

*In re Corrugated Container Antitrust Litigation*, 80 F.R.D. 244, 248 (S.D. Tex. 1978.).    10

*-ii-*

### TABLE OF CASES (CONTINUED)

**Case** | **Page**

*In re New England Mut. Life Ins. Co.*, 1998 U.S. Dist. LEXIS 16236,
(D, Mass. 1998).    8, 9, 10

*In re Screws Antitrust Litigation,* 91 F.D.R. 52, 56 (D. Mass. 1981).    10

*Kaminski v. Shawmut Credit Union*, 416 F. Supp. 1119, 1123 (D. Mass 1976).    11

*Lewis v. Curtis*, 671 F.2d 779, 788 (3rd Cir.), cert. Denied, 459 U.S. 880 (1982).    11

*Marcelo v. Regan,* 574 F. Supp. 586,592 (D.R.I. 1983).    13

*M. Berenson co. v. Faneuil Hall Marketplace Inc.*, 100 F.R.D. 468, 470
(D. Mass. 1984).    9

*Mulligan v. Choice Mortgage Corp.*, 1998 U.S. Dist. LEXIS 13248,
(D.N.H. 1998).    8, 9, 11

*Perez-Funez v. District Director INS,* 611 F. Supp. 990, 998 (D.C.Cal. 1984).    12, 13

*Rental Car of New Hampshire, Inc., v. Westinghouse Electric Corp.*,
496 F. Supp. 373, 376 (D. Mass. 1979).    8

*Samuel v. University of Pittsburgh,* 56 F.R.D. 435 (W.D.Pa 1971).    8

*Senter v. General Motors Corp.,* 532 F.2d 511 (6th Cir. 1976).    7

*Society for Individual Rights Inc., v. Hampton,* 63 F.R.D. 399,
401 (N.D. Cal. 1973, aff'd, 528 F. 2d 905, 906 (9th Cir. 1975).    13

*Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).    9

*Wescott v. Califano*, 460 F. Supp. 737, 745 (D. Mass. 1978), aff'd,
443 U.S. 76 (1979).    11

*Yaffe v. Powers*, 454 F. 2d. 1362, 1367 (1st Cir. 1972).    13

# **TABLE OF AUTHORITIES**

| Authority | Page |
|---|---|
| C.F.R. § 212.2(d.) | passim |
| Fed. R. Civ. P. 23 | passim |

## TABLE OF EXHIBITS VOLUME-I

| Exhibit # | Nature of the Exhibit. |
|---|---|
| A. | **I-212** Application[1] with Required **$250.00** fee payable to US Department of Homeland Security. |
| B. | **I-601** Application for Waiver of Ground of Excludability filed by Myriam Pedroza spouse of Alipido Angomas and a citizen of the United Stated. The original of this application as required was send to the consulate at Santo Domingo together with the required **$250.00** fee made payable to the Department of Homeland Security as required. |
| C. | Decision from the Immigration Court granting Alipido Angomas voluntary departure dated October 26, 1999 with the transcript issued on February 14, 2000. |
| D. | Appeal of the Order filed on 11-23-1999 to the Board of Immigration Appeals ("BIA") and memorandum filed on August 9, 2001 filed as required by the rules. |
| E. | I-130 Application filed by Myriam Pedroza US Citizen on behalf of Alipido Angomas on April 20, 2001 together with all the required supporting documentation. |
| F. | INS denial of I-130 Petition issued on August 6, 2002. |
| G. | Appeal to BIA of the I-130 denial dated August 12, 2002. |
| H. | BIA denial of the deportation Order granting Applicant voluntary departure stating that Applicant could apply for an extension of the voluntary departure time to the District Director. Decision issued on November 14, 2002. |
| I. | Applicant request to the District Director for an extension of the voluntary departure order on the basis that his appeal of the I-130 denial was pending with the BIA. Request's date December 12, 2002. |
| J. | Approval of the I-130 Petition by BCIS reversing prior decision. Approval date April 4, 2003. |
| K. | Applicant arrested under original deportation order. Motion to Re-open Deportation case filed with BIA stating that counsel had advised applicant that he could wait for the action of the District Director on the pending request for extension of the voluntary departure order. Filed on November 12, 2003. |
| L. | Request to re-open with Immigration Court denied. December 8, 2003. |
| M. | Request for re-opening denied by the BIA on December 10, 2003. |

---

[1] I-212 Application is signed by Counsel on behalf of the Applicant as Counsel has knowledge of all the facts in the Application. Another original of this application has been mailed to Applicant at the Dominican Republic and will be available signed by applicant as well within the next two weeks.

## TABLE OF EXHIBITS VOLUME-I (CONTINUED)

**Exhibit #**     **Nature of the Exhibit.**

N.        Claim for Damages under the Federal Torts Claims Act ("FTCA")filed by
          Myriam Pedroza alleging loss of consortium due to the negligence of the
          District Director in not responding timely to applicants extension of
          voluntary departure order. Date of filing January 12, 2004.[2]

O.        US Denial of FTCA claim issued on July 14, 2004.

P.        I-824 Petition to transfer Alipido Angomas' I-130 granted Petition to the
          Dominican Republic granted on November 12, 2004.

Q.        FTCA Claim filed in Federal Court on January 11, 2005.

R.        Joint Motion between US and Myriam Pedroza to stay litigation pending
          approval or reentry into the United States of Alipido Angomas. Date April
          8, 2005.

S.        Letter to Embassy hand delivered by Alipido Angomas requesting
          applications for reentry. Date, April 6, 2005.

T.        Payments of Myriam Pedroza to process granted applications for her step-
          children all children of Alipido Angomas. Date, January 3, 2005.

U.        I-485 and supporting documentation prepared by Alipido Angomas while
          arrested awaiting deportation. Date, November 7, 2003.

**V.        DS-230 Part I to be Executed in finality by Applicant at the time of
          the Interview as well as DS-230 Part II to be Executed in finality by
          Applicant at the time of the Interview together with supporting
          documentation.**

**W.        I-864 and I-864A of Spouse Myriam Pedroza with supporting
          documentation.**

**X.        I-864 of Additional Affiant Rafael de Jesus Garcia with supporting
          documentation.**

---

[2] Applicant was deported to the Dominican Republic under the original deportation Order sometime in late January or early February of 2004.

## <u>TABLE OF EXHIBITS VOLUME-II</u>

**Exhibit #**        **Nature of the Exhibit.**

A.        Letter dated June 7, 2005 from Department of Homeland Security Santo
          Domingo to attorney Bonifaz.

B.        Letter dated June 21, 2005 from attorney Bonifaz to Embassy of the
          United States Santo Domingo.

C.        Letter dated July 6, 2005 from Chief Immigrant Visa Section Santo
          Domingo to attorney Bonifaz.

D.        Letter dated October 14, 2005 from attorney Bonifaz to National Visa
          Center.

E.        Letter dated October 20, 2005 from National Visa Center to attorney
          Bonifaz.

F.        Letter dated October 14, 2005 from attorney Bonifaz to Henry Hanley Esq.
          Associate Area Counsel USCIS Boston.

G.        Fax and e-mail correspondence between attorney Henry Hanley Esq.,
          Associate Area Counsel USCIS, Attorney Bonifaz and Consulate of Santo
          Domingo.

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>

### I.    <u>INTRODUCTION</u>

This action arises from unlawful practices adopted by the District Director of the

Boston Office of the United States Citizenship and Immigration Services ("USCIS") that

has resulted in the de facto denial of adjustment of status applications filed by individuals

entitled to conditional or permanent residency status.

Alien plaintiff and all members of the class filed waivers for admission to the

United States after deportation or removal based on their marital relationship to citizen

plaintiff with the Boston Director of USCIS who refuses to recognize jurisdiction over

these waivers in spite of the clear language of its own regulation.  C.F.R. § 212.2(d.)

Plaintiffs[1] request that this Honorable Court certify a class under Fed. R. Civ. P.

23(b) (2) that should be defined as follows:

> All persons within the jurisdiction of the Boston Office of USCIS who have filed,
> with the District Director of the Boston Office of USCIS in the past ten years,
> waivers for admission to the United States after deportation or removal.

As set forth below, the claims of all class members will turn upon resolution of

the following core issues:

---

[1]    As used herein "plaintiffs" refers to the named and absent members of the class.

- Whether the District Director of the Boston Office of USCIS acts unlawfully in refusing to accept jurisdiction over waivers for admission to the United States after deportation or removal.

- Whether the District Director of the Boston Office of USCIS acts unlawfully when it curtails legal immigration into the United States by refusing to accept jurisdiction over waivers for admission to the United States after deportation or removal.

- Whether District Director of the Boston Office of USCIS acts unlawfully reducing the number of legal immigrants to the United States by refusing to accept jurisdiction over waivers for admission to the United States after deportation or removal.

- Whether District Director of the Boston Office of USCIS  acts unlawfully by failing to provide adequate training to its examinations officers on the jurisdictional regulations of USCIS that clearly give the Boston Office of USCIS jurisdiction over these waivers.

These four mixed issues of law and fact will occupy the core of any trial of this action. Because they are subject to class-wide proof or defenses they should be resolved once in class wide proceedings, rather than repeatedly in duplicative individual actions. Furthermore given the fact that the majority of the proposed class members are low income individuals, they are no economic position to litigate these issues independently.

2

## II. PERTINENT FACTS

The factual questions that will dominate this litigation may be further distilled as set forth below:

1.     On May 10, 2005 Alipido Angomas Cabrera filed with the office of Denis Riordan an application for Permission to Reapply for Admission into the United States after Deportation or Removal paying the then required $250.00 fee. (Form I-212, Plaintiffs' Exhibits Volume I, Exh.-A and supporting documentation Exhs.-B to X, hereinafter Vol.-#, Exh.-Capital Letter.).

2.     C.F.R. § 212-2(d) clearly states that when the applicant for an immigrant visa is not present in the United State the I-212 waiver must be filed with the office of the District Director where the applicant resided prior to deportation.

3.     On May 10, 2005 Myriam Pedroza, co-currently with the I-212 filing with the District Director mentioned in ¶ 1 above, filed Waiver Application I-601 with the US consulate in the Dominican Republic an application for Waiver of Grounds of Inadmissibility paying the then required fee of $250.00 as per C.F.R. § 212.2(d). This filing was also accompanied by all supporting documentation Vol-I, Exhs. A-X.

4.     The I-601 waiver petition was accompanied by the immigrant visa petition of Alipido Angomas (DS-230) with the required fee of $335.00, and two Affidavits of Support (I-864s) with the required fee of $65.00, plus the entire record of Alipido Angomas with USCIS. (Vol-I, Exhs A-X and specially Exhs-U, V, W and X.)

5.     On June 7, 2005 the US Department of Homeland Security Santo Doming Sub Office notified counsel by letter that:

3

This is in response to your letter of May 10, 2005, regarding Alipido Angomas.

In order for us to process an I-601 and an I-212 forms a petition must be filed in the Immigrant Visa Section at the US Consulate in Santo Domingo. After verifying with the Immigrant Visa Section they informed us there is no case on file. The I-212 and I-601 should be file(s) in the United States. (Vol-II- Exh.-A.)

6.    On June 21, 2005 counsel for plaintiffs responded to the letter from Homeland

Security (Vol-II Exh.-B) and again attached the approved I-130 petition filed by Myriam

Pedroza on behalf of her spouse as well as the aproved I-824 which clearly stated that:

The above petition [I-824] is approved. We have sent a cable to the listed consulate (Santo Domingo) to notify them of the approval of the original petition. Service Records indicate that the original petition [I-130] was previously forwarded to the Department of State National Visa Center (NVC) 32 Rochester Avenue Portsmouth, NH 03801-2909. The NVC processes all approved immigrant visa petitions that need consular actions. It also determines which consular post is the appropriate consulate to complete visa processing. (Vol-I, Exh.-P.)

7.    On July 6, 2005 the Embassy of the United States in Santo Domingo, Consular

Section responded to counsel's letter of June 21, 2005 as follows:

We regret to inform you that we have not received any notification from U.S. Citizenship and Immigration Services (USCIS) of the Department of Homeland Security regarding the I-130 petition filed on behalf of the applicant. Apparently, the approved petition was sent to the National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909, tel: (603) 334-0700. The petitioner should contact NVC in order to check the present status of the application. After we receive the approved petition, we will inform the applicant of the steps to be taken to process the immigrant visa case. (Vol-II, Exh.-C.)

8.    On October 14, 2005 counsel for plaintiffs submitted the letters from the US

Consulate in the Dominican Republic dated June 6 and July 7, 2005 to the National Visa

4

Center requesting the transfer of the I-130 application to the Dominican Consulate as specified on the I-824 the granted request for transfer of the I-130 Petition to the US Consulate in the Dominican Republic. (Vol-II, Exh.-D.)

9.      The National Visa Center replied on December 10, 2005 to counsel's letter of October 14, 2005 stating as follows:

> The National Visa Center (NVC) has received your inquiry. We have searched our records and are unable to locate your petition.
> Your inquiry/application must be directed to the U.S. Citizenship and Immigration Services (CIS-formerly known as INS) where the petition was originally filed. (Vol-II, Exh.-E.)

10.    The I-212 waiver for admission to the United States after deportation or removal, accompanied by the voluminous supporting documentation, filed with the District Director on May 10, 2005 was returned to counsel in June of 2005 by the District Director with an scribbled notation stating that the waiver and supporting documentation needed to be filed with the Vermont Service Center in St. Albans Vermont, the location where the original I-130 Petition had been filed. Acting in accord with the scribbled notation from the District Director the I-212 waiver for admission to the United States after deportation or removal, fees and accompanying documentation was sent by counsel to the Vermont Service Center within days of receiving the scribbled notice from the District Director. Counsel for USCIS notified counsel for plaintiffs shortly thereafter that the District Director advice was wrong and that he was retrieving the I-212 file back to the District Director's office. (Oral Communication with Henry Hanley USCIS Counsel Boston Office of USCIS.)

5

11.    On or about October 14, 2005, attorneys for the US in this litigation notified

counsel by oral communication that there was a substantive flaw with the I-212 filing

with the District Director and that the I-212 waiver for admission to the United States

after deportation or removal needed to be filed with the Consulate of the United States in

the Dominican Republic. (Oral communication with US Attorney Karen Goodwin.)

12.    Counsel for the plaintiffs notified US counsel by oral and written communication

dated October 14, 2005 of the position of the Consulate in Santo Domingo that the waiver

petitions needed to be filed with the District Director, (Vol-II, Exh.-F) and agreed to a

further request to this Honorable Court of three month delay to see if this discrepancy

could be resolved internally by the government.

13.    Counsel for Plaintiff is aware that USCIS counsel has made efforts to resolve the

matter via contacts with the US Consulate in the Dominican Republic.  Plaintiff

understands that the position taken by the Consulate upon receiving the communications

of US counsel in this litigation is the same as that taken in response to Plaintiff's counsel

letters described in ¶¶s 1 to 7 above. (See Vol-II, Exh.-G.)

Plaintiffs will show at trial that the lack of acceptance of jurisdiction by the

District Director of the Boston Office of USCIS of waivers for admission into the United

States after deportation or removal is caused by the following factors:

- Arbitrary and capricious behavior of the District Director of the Boston Office of
  USCIS.

- Lack of proper training by the District Director of the Boston Office of USCIS to personnel in his office as to their role in adjudicating benefits awarded to foreigners and their citizen spouses by the United States.

## III.    LEGAL ARGUMENT.

### A.    The Elements of Fed. R. Civ. P. 23(a) Are Satisfied.

Rule 23(a) of the Federal Rules of Civil Procedure establishes four prerequisites for the maintenance of all class actions:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)

The class of individuals affected by the actions of USCIS satisfies the four prerequisites of Rule 23(a).

### 1.    Numerosity.

Fed. R. Civ. P. 23(a) requires plaintiffs to show first that "the class is so numerous that joinder of all members is impracticable. . . ." Fed. R. Civ. P. 23(a) (1). There is no bright line numerical test by which the district court can determine when the numerosity requirement is satisfied, and the Sixth Circuit has noted that a class does not require any specific number of members: "Impracticability of joinder is not determined according to a strict numerical test but upon the circumstances surrounding the case." *Senter v. General Motors Corp.,* 532 F.2d 511 (6th Cir. 1976); see also *Andrews v. Bechtel Power Corp.,*

780 F.2d 124, 131 (1st Cir. 1985), cert. denied 476 U.S. 1172, 90 L. Ed. 2d 983, 106 S.

Ct. 2896 (1986). The key to determining whether the numerosity requirement of Rule

23(a) (1) is satisfied rests on the impracticability of joining potential class members.

Here the District Director has knowledge of all members of the proposed class which

would be otherwise impossible to join as plaintiffs.

"The numerosity requirement requires examination of the specific facts of each

case and imposes no absolute limitations." *General Telephone Co. v. EEOC,* 446 U.S.

318, 330, 64 L. Ed. 2d 319, 100 S. Ct. 1698 (1980). "Satisfaction of the numerosity

requirement does not require that joinder is impossible, but only that plaintiff will suffer a

strong litigation hardship or inconvenience if joinder is required." See *Arkansas Educ.*

*Ass'n v. Board of Educ. of Portland,* 446 F. 2d. 763 (8th Cir. 1971); *Samuel v. University*

*of Pittsburgh,* 56 F.R.D. 435 (W.D.Pa. 1971) as quoted in *Boggs v. Diversified Atomic*

*Corp.,* 141 F.R.D. 58, 63 (S.D. Ohio 1991) certifying a class of thousands of residents

near radioactive materials plant to recover for emotional distress and property value

diminution. *See also Mulligan v. Choice Mortgage Corp.,* 1998 U.S. Dist. LEXIS 13248,

*7 (D.N.H. 1998) (class of 113 members sufficiently numerous); *Guckenberger v. Boston*

*University,* 957 F. Supp. 306, 325 (D. Mass. 1997) (class of 480 members sufficiently

numerous); *Rental Car of New Hampshire, Inc., v. Westinghouse Electric Corp.,* 496 F.

Supp. 373, 376 (D. Mass. 1979) (class of 137 franchises sufficiently numerous).

Moreover, named plaintiffs are under no obligation to identify the members of the

class prior to certification. Rather, the Complaint merely should define the class

sufficiently so that class members can later be identified. *In re New England Mut. Life*

*Ins. Co.*, 1998 U.S. Dist. LEXIS 16236, *14(D, Mass. 1998)(class of purchasers of life insurance policies containing "vanishing premium" provisions need not expressly identify all potential members); *Cook v. Rockwell International Corp.* 151 F.D.R. 378, 382 (Dist. Colo. 1993) (certifying a class of property owners near federal weapons facility to recover for radioactive contamination of their lands). Here the issue of identification of class members will be easily resolved upon certification of the class since Defendant the District Director knows and is aware of each and every class member.

    2.    Commonality.

As with numerosity, there can be no real issue as to the commonality requirement in this case. Rule 23(a) (2) merely requires that common questions of fact and law exist. See, e.g.., *In re New England Mut. Life Ins. Co.*, 1998 U.S. Dist. LEXIS 16236 at *15(D. Mass.); *Mulligan v. Choice Mortage Corp.*, 1998 U.S. Dist. LEXIS 13248, at *7(D.N.H.); *Holton v. Rothschild,* 118 F.R.D. 280, 282 (D. Mass. 1987); *M. Berenson co. v. Faneuil Hall Marketplace Inc.*, 100 F.R.D. 468, 470 (D. Mass. 1984).

In this case as set forth in Sections I and II above, all core questions of law and fact are common. Named plaintiffs are united in their desire to have the District Director follow its own regulations and adjudicate the waivers. Indeed the single course of conduct of a single defendant is at a root of the entire class' claim. "[W]here the defendant's liability can be determined on a class-wide basis because the cause of the disaster is a single course of conduct which is identical for each of the plaintiffs, a class action may be the best suited vehicle to resolve such controversy." *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988) (affirming certification of class of

9

landowners whose properties were contaminated by a toxic waste dump). Under the

circumstances of this case, which arises from a single defendant's course of conduct, Rule

23(a) (2) is readily satisfied. See, e.g. *Grenn v. Wolf Corp.*, 406 F.2d 291, 300 (2d Cir.

1968), cert. denied, 395 U.S. 977 (1969); *Cook.* 151 F.R.D. at 385.

    3.    Typicality

    Rule 23(a) (3) of the Federal Rules of Civil Procedure requires that "claims ... of

the representative parties [be] typical of the claims ... of the class."

> Typicality refers to the nature of the claim of the class representatives, and not to
> the specific facts from which the claim arose or relief is sought. The proper
> inquiry is whether other members of the class have the same or similar injury,
> whether the action is based on conduct not special or unique to the named
> plaintiffs, and whether class members have been injured by the same course of
> conduct. *Holton,* 118 F.R.D. at 282, quoting *Dura-Bilt Corp. v. Chase Manhatan
> Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y 1981).

> Rule 23(a) (3) does not require perfect identity, "but merely that the claims be
> based on the same legal or remedial theory" and that no conflicting interest appear
> between representatives and absentees class members. *In re Screws Antitrust
> Litigation,* 91 F.D.R. 52, 56 (D. Mass. 1981), quoting *In re Corrugated Container
> Antitrust Litigation,* 80 F.R.D. 244, 248 (S.D. Tex. 1978.)

    In the case at bar, there can be no question that the claims of the named plaintiffs

are typical of the claims of other members of the class. The class representatives like the

members of the class they seek to represent, had not been able to get their waiver

petitions adjudicated because of the erroneous reading of its own regulations by the

District Director of the Boston Office of USCIS.

    Furthermore plaintiffs and members of the class seek only one remedy: the

acceptance of jurisdiction by the District Director of the Boston Office of the waivers to

apply for admission to the United States after deportation or removal

The defenses to the claims which will be put forward by USCIS are identical for all plaintiffs.

> So long as there is a nexus between the class representatives' claims and defenses and the common questions of fact or law which unite the class, the typicality requirements are satisfied. *Accord Cook,* 151 F.R.D. at 385.

4.   Adequacy of Representation

The standards of Rule 23(a)(4) of the Federal Rules of Civil Procedure are met where: 1) plaintiffs' interests are not antagonistic to those of other members of the class they seek to represent and 2) plaintiffs' attorneys are qualified, experienced and generally able to conduct the litigation. See *Lewis v. Curtis*, 671 F.2d 779, 788 (3rd Cir.), cert. Denied, 459 U.S. 880 (1982); *In re New England Mutual Life Insurance Sales Practices Litigation,* 1998 U.S. Dist. LEXIS 16236, *17-19 (D. Mass.); *Mulligan v. Choice Mortgage Corp. USA,* 1998 U.S. Dist. LEXIS 13248, *9-10(D.N.H.)

The adequacy of representation requirements has been explained as follows:

> The inquiries demanded by Rule 23(a) (4) for meeting the adequacy requirement standard are: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) an assurance of vigorous prosecution. *Grace v. Perception Technology Corp.*, 128 F.R.D. 170 (D. Miss. 1989) (citations omitted.)

*See also Wescott v. Califano*, 460 F. Supp. 737, 745 (D. Mass. 1978), aff'd, 443 U.S. 76 (1979); *Kaminski v. Shawmut Credit Union*, 416 F. Supp. 1119, 1123 (D. Mass 1976).

Both of these elements are satisfied here. The named plaintiffs have no interests antagonistic to those of other members of the class, and are prepared to pursue this litigation vigorously. Moreover, plaintiffs have retained counsel committed and

11

experienced in class action litigation to prosecute their rights and those of the class. As

stated by the court in *Eisen v. Carlisle & Jacquelyn*, 391 F.2d 555, 562 (2d Cir. 1968),

vacated and remanded on other grounds, 417 U.S. 156 (1974):

> An essential concomitant of adequate representation is that the party's attorney be
> qualified, experienced and generally able to conduct the proposed litigation.

*See also Curtis*, 159 F.D.R. at 341 (counsel for plaintiff must be competent to vigorously

pursue claims of both named plaintiffs and class plaintiffs.)  As a result, plaintiffs will

fairly and adequately protect the interests of the class.

### B.    The Elements of Fed. R. Civ. P. 23(b) (2) Also Are Satisfied

In addition to meeting the prerequisites of Rule 23(a) of the Federal Rules of Civil

Procedure, this Court must find that the Class satisfies one of the three conditions of

subdivision (b) of Rule 23.  The facts of this case meet the requirements of Rule 23(b) (2)

of the Federal Rules of Civil Procedure which provides, as follows:

> (b) An action may be maintained as a class action if the prerequisites of
> subdivision (a) are satisfied, and in addition:

> \*      \*      \*

> (2) the party opposing the class has acted or refused to act on grounds generally
> applicable to the class, thereby making appropriate final injunctive relief or
> corresponding declaratory relief with respect to the class as a whole. Fed. R. Civ.
> P. 23

> The requirements of Fed. R. Civ. P. 23(b) (2) have been interpreted as:

> requiring that the opposing party has acted consistently towards members of the
> class or has established a regulatory scheme common to all members of the class
> and not that every member of the class has actually been injured by the opposing
> party. *Perez-Funez v. District Director INS,* 611 F. Supp. 990, 998 (D.C.Cal.

12

1984) citing *Society for Individual Rights Inc., v. Hampton,* 63 F.R.D. 399, 401 (N.D. Cal. 1973, aff'd, 528 F. 2d 905, 906 (9th Cir. 1975).

In *Perez-Funez*, the Court certified a class composed of:

> All persons who claim to be under eighteen years of age who are now, or in the future will be taken into, custody by agents of the Immigration and Naturalization Service who are not accompanied by either of their natural or lawful parents at the time of being taken into custody.

Members of the class were allegedly not informed of their rights by INS when asked to depart voluntarily from the United States.

In *Etuk v. Slattery*, 748 F. Supp. 990 (E.D.N.Y. 1990) the Court certified a class composed of:

> All lawful permanent residents within the jurisdiction of the New York District of INS whose permanent resident cards either have been or will be confiscated or retained by the INS, or whose cards have been or will be otherwise lost, but to whom the INS fails to provide replacement cards within a reasonable time or to provide adequate interim proof of lawful permanent resident status and employment authorization. Id., at 994. (vacated and remanded in other grounds, 936 F. 2d 1443 (2nd Cir. 1991), 973 F. 2d 60 (2nd Cir. 1992.)

Here as in *Etuk* and *Perez-Funez,* USCIS has allegedly failed to provide a right to which members of the class are entitled, and the best manner of adjudicating the merits is through a class action with a class certified under F.R.Civ. P. 23(b) (2).

## IV.    CONCLUSION

Certification of the plaintiffs' class will "enable the litigation to go forward with maximum effectiveness from the view point of judicial administration." *Yaffe v. Powers,* 454 F. 2d. 1362, 1367 (1st Cir. 1972); *Marcello v. Regan,* 574 F. Supp, 586, 592 (D.R.I.

1983). Thus, the Court should enter an Order determining that this action may be

maintained as a class action pursuant to Rule 23(b) (2) of the Federal Rules of Civil

January 25, 2006

Respectfully submitted,
By Attorneys for Plaintiffs and the Class


Cristóbal Bonifaz (BBO 548-405)
LAW OFFICES OF CRISTOBAL BONIFAZ
48 North Pleasant Street
P.O. Box 2488
Amherst, MA 01004-2488
Tel: 413-253-5626

## CERTIFICATE OF SERVICE

I, Cristóbal Bonifaz, certify that today, January 25, 2006, I served this Memorandum for Class Certification, and accompanying exhibits, by Federal Express, twenty four hour delivery, upon the following counsel of Defendant, who have filed appearances in this case, at the addresses listed:

Karen L. Goodwin, Esq.
Assistant US Attorney
1550 Main Street
Springfield, Massachusetts 01103

Henry Hanley Esq.
Associate Area Counsel USCIS
Office District Counsel Room 425
JFK Building, Government Center
Boston, Massachusetts 02203


Cristóbal Bonifaz

14