IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| MYRIAM NELLY PEDROZA,<br><br>and,<br><br>MYRIAM NELLY PEDROZA and<br>ALIPIDO ANGOMAS CABRERA<br>wife and husband and all others<br>similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DENIS RIORDAN in his official<br>capacity as District Director<br>of the Boston District of<br>UNITED STATES CITIZENSHIP<br>AND IMMIGRATION SERVICES | CLASS ACTION<br>AMENDED COMPLAINT<br>NO: 05-3000-MAP<br>FOR INJUNCTIVE AND<br>DECLARATORY RELIEF<br>IN THE NATURE OF<br>MANDAMUS AND FOR<br>DAMAGES FOR TORTUOUS<br>ACTIONS. |

**JOINT MOTION TO STAY PROCEEDINGS A FINAL TWO MONTHS
AND REPORT TO THE COURT DUE MAY 15, 2006**

Plaintiff and Defendant jointly move this Honorable Court to delay the

proceedings in this final for a final two months pending action or inaction of the

United States Department in Santo Domingo for the reasons outlined in this

Motion and Report to the Court.

1. Plaintiff Myriam Nelly Pedroza originally filed this Complaint on January 22, 2005 against Defendant Denis Riordan as District Director of the United States Citizenship and Immigration Services ("USCIS") under the Federal Tort Claim Act 28 U.S.C. §§ 1346, 2671 et seq., the Declaratory Judgment Act, 28 U.S.C. § 1361; the Administrative Procedure Act, 5 U.S.C. § 701 et seq; the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq, and the United States Constitution alleging that the negligence of the District Director of the Boston Office of USCIS had caused her damages.

2. On April 14, 2005 Plaintiff and the Government entered into an agreement under which if the Government adjudicated a waiver for admission to the United States after deportation, Plaintiff was willing to dismiss this case. Plaintiffs and the Government sough jointly a stay of all proceedings for six months which were granted by the Court.

3. On October 22, 2005, Plaintiff filed a Report to the Court as required by this Court when granting of the six month stay. In this Report Plaintiff notified the Court that the matter of the waiver was still pending with the Government and requested without opposition an additional three month stay which was granted.

4. During the stay period Plaintiff was unable to obtain adjudication of its requested waiver from any branch of USCIS or from the American Consulate in the Dominican Republic. Plaintiff learned that this inability to process the waiver was due to the refusal to accept jurisdiction of such waivers by the USCIS District

Director's Office in spite of the clear language of the Code of Federal Regulations concerning this issue.

5. This lack of acceptance of jurisdiction by the USCIS District Director's Office is affecting not only Plaintiff and her spouse but hundreds of others who in similar manner find themselves bounced from office to office in a bureaucratic labyrinth with no end in sight.

6. Given these facts Plaintiff and her Dominican Republic spouse allowed their names to be used as representatives of a class of individuals whose waivers had been refused for adjudication by the Boston Office of USCIS and thus filed a class action amended complaint to remedy the lack of acceptance of jurisdiction by the Boston Office of USCIS. This Amended Complaint under Fed. R. Civ. P. 15(a) was filed in this Honorable Court on January 12, 2006.

7. On January 26, 2006 Plaintiffs and the class filed a Motion with this Court accompanied by voluminous exhibits asking this Honorable Court to certify the requested class.

8. On February 7, 2006, Plaintiffs Counsel received notification from the US attorney in the case that the sought waiver of Alipido Angomas had been granted on the date of the filing of the Motion for Class Certification.

9. The granting of the waiver rendered the class action part of the first amended complaint moot. *Maria Antonia Cruz, et al., v. Steven Farquhanson as*

*District Director of the Boston District of Immigration Service*, 252 F.2d 530 (1st Cir. 2001.)

10. Given these facts Plaintiffs respectfully requested this Court to postpone the proceedings in this matter for three months pending final adjudication of the visa by the United States Department of State in the Dominican Republic.

12. This Honorable Court granted the Motion and Ordered a Report filed by May 15, 2006.

13. Since the filing of the prior request for extension both this counsel and the USCIS counsel have tried so far without any success to communicate with the US consulate in Santo Domingo so that this matter is terminated.

14. Counsel for Myriam Pedroza believes that the United States Consulate in Santo Domingo has decided to take matters into its own hands as foreign consulates do in thousands of cases to simply prevent the immigration of Myriam Pedroza's husband into the US by default, which is by ignoring all communications in this matter.

15. Counsel for Myriam Pedroza conferred about these matters with the US Attorney and both jointly decided to request this extension to see one more time if

the matter could be resolved without further litigation.

May 13, 2006

Respectfully submitted
By Attorneys for plaintiff,

*/s/ Cristóbal Bonifaz*

Cristóbal Bonifaz
LAW OFFICES OF CRISTÓBAL BONIFAZ
180 Maple Street
P.O. Box 180
Conway, Massachusetts 01341
e-mail cbonifaz@comcast.net

## CERTIFICATE OF SERVICE

I, Cristóbal Bonifaz certify that today, May 13, 2006, I served this Joint Motion and Report to the Court by regular mail upon the following attorneys of record in this litigation:

Karen L. Goodwin, Esq.
Assistant US Attorney
1550 Main Street
Springfield, Massachusetts 01103

Henry Hanley Esq.
Associate Area Counsel USCIS
Office District Counsel Room 425
JFK Building, Government Center
Boston, Massachusetts 02203

*/s/ Cristóbal Bonifaz*

Cristóbal Bonifaz

5